**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

EMERICO LOPEZ DEL ANGEL,

                                  Civil No. 25-4600 (JRT/DJF)

                Petitioner,

v.

PAMELA J. BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S. Department
of Homeland Security*; TODD LYONS,
*Acting Director of Immigration and
Customs Enforcement*; DAVID
EASTERWOOD, *Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement*; ERIC TOLLEFSON, *Sheriff of
Kandiyohi County*,

                Respondents.

              **MEMORANDUM OPINION AND ORDER
GRANTING PETITION FOR WRIT OF
HABEAS CORPUS**

Graham Blair Ojala-Barbour, **OJALA-BARBOUR LAW FIRM**, 1100 Seventh Street West, St. Paul, MN 55102, for Petitioner.

Ana H. Voss and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Emerico Lopez del Angel ("Lopez del Angel") was arrested by United States Immigration and Customs Enforcement ("ICE") in December 2025.  Lopez del Angel petitions for a writ of habeas corpus, arguing that he is being detained unlawfully without a bond hearing.  Because the Court concludes that Lopez del Angel is entitled to a bond hearing under 8 U.S.C. § 1226, the Court will grant Lopez del Angel's petition for a writ of habeas corpus.

**BACKGROUND**

Lopez del Angel is a native and citizen of Mexico.  (Decl. of Angela Minner ("Minner Decl.") ¶ 4, Dec. 17, 2025, Docket No. 8.)[1]  He entered the United States without inspection at an unknown date and place.  (*Id.* ¶ 4.)  On December 5, 2025, ICE officers apprehended Lopez del Angel near his residence in Eagan, Minnesota and served him with a Warrant of Arrest, Form I-200.  (*Id.* ¶ 6.)

On December 11, 2025, ICE issued Lopez del Angel a Notice to Appear (Form I-862) and a Record of Deportable/Inadmissible Alien (Form I-213), charging him as removable under Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act because he was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than designated by the Attorney General." (Minner Decl. ¶¶ 7–8, Exs. A, B.)  He was also charged as removable under Section 212 (a)(7)(A)(i)(I), for not being in possession of a valid entry document.  (*Id.*)

The Record of Deportable/Inadmissible Alien indicates that Lopez del Angel was the beneficiary of a Form I-130 family-based visa petition that was filed by his wife on his behalf.  (*Id.* ¶ 8, Ex. B; *see also* Pet. Writ of Habeas Corpus ("Pet.") ¶ 3, Dec. 11, 2025, Docket No. 1.)   Lopez del Angel has also been granted an I-601A provisional unlawful

---

[1] Angela Minner, a Deportation Officer with ICE, has submitted a declaration setting forth the facts relevant to Lopez del Angel's detention.

presence waiver, which allows him to pursue an immigrant visa at a U.S. consulate in Mexico. (*Id.* ¶ 8, Ex. B; Pet. ¶ 3.)

Lopez del Angel is being detained at the Kandiyohi County jail in Willmar, Minnesota. (Pet. ¶ 4.) On December 11, 2025, Lopez del Angel filed a Petition for Writ of Habeas Corpus. (Docket No. 1.) He alleges that his continued detention without the opportunity to be heard in a bond hearing is unlawful. (*Id*. ¶ 6.) Lopez del Angel asks the Court to order Respondents to provide Lopez del Angel with a bond hearing under 8 U.S.C. § 1226(a) within 7 days. (*Id.* at 17.)

On December 12, 2025, Lopez del Angel filed a Motion for Order to Show Cause. (Docket No. 4.) The Court granted the motion in part and denied it in part. (Order, Dec. 12, 2025, Docket No. 6.) The Court enjoined Respondents from removing the Petitioner from the District of Minnesota until the earlier of December 26, 2025, or the resolution of this Petition, unless the Court extends the order for good cause or Respondents consent to an extension. (*Id.*)

**DISCUSSION**

Respondents argue that Lopez del Angel is subject to detention under to 8 U.S.C. § 1225, not § 1226, and therefore, he is not entitled to a bond hearing.

After thorough review of the parties' filings, the Court concludes that the legal issues presented by Lopez del Angel's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D.

Minn, Dec. 2, 2025).  The factual record before the Court shows that Lopez del Angel was arrested while already in the United States.  Indeed, Lopez del Angel's Notice to Appear designated him as "present in the United States without being admitted or paroled." (Minner Decl. ¶ 7, Ex. A.)  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Lopez del Angel's detention is governed by 8 U.S.C. § 1226, not § 1225.  Accordingly, the Court will order that Lopez del Angel receive a bond hearing in accordance with § 1226.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Emerico Lopez del Angel's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a);

   b. Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 7 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

-4-

c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

d. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing. If the immigration judge determines that the Petitioner is subject to the detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

3. Within 3 days of the date of this Order, the parties shall file any requests for redaction.

-6-

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  December 18, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge